[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON THE MOTION FOR SUMMARY JUDGMENT
The plaintiffs, Yi-An Sun and Xin-Shou Sun, allege in their complaint that Yi-An Sun was attacked by two dogs owned by the defendants, Joseph Brady and Vinceazina Brady (Bradys), while he was jogging near the area of Whitney Avenue and Ralston Street in Hamden, Connecticut. The plaintiffs filed a separate personal injury action against the Bradys seeking damages for injuries and losses caused by the Bradys' dogs. SeeSun v. Brady, Superior Court, judicial district of New Haven, Docket No. 265093. The plaintiffs filed the present case seeking a declaratory judgment by this court determining whether the attacks by the dogs constitutes one occurrence or two occurrences under the Bradys' homeowners insurance policy. The Bradys have a homeowners policy through the defendant, Travelers Indemnity Company (Travelers), which provides a liability limit of $300,000 per occurrence.
Travelers filed a motion for summary judgment on March 10, 2000, on the ground that there are no genuine issues of material fact in dispute and that they are entitled to judgment as a matter of law. Travelers asserts that the interpretation of policy language is a question of law for the court. Travelers filed a memorandum of law in support of the motion for CT Page 6506 summary judgment. The plaintiffs have filed a memorandum in opposition to the motion for summary judgment.
"The standard of review for summary judgment is well established. Summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact . . . a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue." (Internal quotation marks omitted.) Mafucci v. Royal Park Limited Partnership, 243 Conn. 552, 554,707 A.2d 15 (1998).
The plaintiffs argue in opposition to the motion for summary judgment that the attack by the two dogs constitutes two occurrences under the insurance policy because each dog has a separate and distinct ability to cause harm and damage, and that each dog was able to attack Yi-An Sun as a result of several distinct and different acts by the Bradys. The plaintiffs claim that the Bradys allowed one dog to roam free and that they failed to attach an electronic dog collar to the other dog. The plaintiffs also claim that the Bradys left a gate open that allowed both dogs to roam free. The plaintiffs argue that these separate acts of negligence create a crucial factual determination for the fact finder at trial.
Travelers argues that the definition of occurrence in the Bradys' insurance policy is not ambiguous. Travelers contends that the number of occurrences is determined by the event that triggers liability on the part of the insured. Travelers asserts that the alleged attack of Yi-An Sun by the two dogs was a continuous, uninterrupted event that resulted in injury to him. Accordingly, Travelers argues that the court should find that the attack by the two dogs constitutes one occurrence under the Bradys' homeowners insurance policy.
"[A]n insurance policy is a contract that is construed to effectuate the intent of the parties as expressed by their words and purposes. . . . [U]nambiguous terms are to be given their plain and ordinary meaning." (Brackets in original; citations omitted; internal quotation marks omitted.) Metropolitan Life Ins. Co. v. AetnaCasualty Surety Co., 255 Conn. 295, 305,765 A.2d 891 (2001). "The determination of whether an insurance policy is ambiguous is a matter of law for the court to CT Page 6507 decide." (Internal quotation marks omitted.) Id., 305-06.
In Metropolitan Life Ins. Co. v. Aetna Casualty Surety Co., supra,255 Conn. 295, the Supreme Court held that "the term occurrence is not ambiguous." Id., 329. The court found that the defendants' insurance policies were not ambiguous even though the policies did not define the term occurrence. The court stated that "[a]lthough the term occurrence is not defined in the policies, the Second Circuit Court of Appeals, applying New York law consistently has held that it is unambiguous." Id., 306-07.
In the present case, the term occurrence is defined in the homeowners insurance policy issued to the Bradys by Travelers Insurance. The policy defines "occurrence" as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions, which results, during the policy period, in: (a) bodily injury; or (b) property damage." (Plaintiffs Brief, Exhibit Q, p. 1, ¶ 5.) Based on the definition in the policy and the recent ruling by the Supreme Court inMetropolitan Life Ins. Co. v. Aetna Casualty Surety Co., supra,255 Conn. 295, the court finds that the term occurrence is not ambiguous. Accordingly, the court must determine whether the attack by the dogs constitutes one or two occurrences.
"In identifying the occurrence or occurrences for insurance purposes, courts have applied three tests. . . . Some courts have concluded that an occurrence is determined by reference to the underlying cause or causes of the damage. . . . Other courts have concluded that an occurrence is determined based on the effect of the accident. . . . Finally, a third group of courts have concluded that an occurrence is determined by reference to the event or events triggering liability on the part of the insured." (Citations omitted) Metropolitan Life Ins. Co. v. AetnaCasualty Surety Co., supra, 255 Conn. 313. "Although Connecticut has very little case law addressing this precise issue . . . there are a number of New York courts interpreting the term occurrence as used in policies with and without definitions of the term, that have adopted the event test." Id., 314. The court concluded that "the decisions in bothArthur A. Johnson Corp. and Wesolowski direct this court to apply the event test in determining the number of occurrences under the policies." Id., 316. The court rejected the plaintiffs claim that the court should determine the number of occurrences based on the underlying cause or causes of the damage. "Metropolitan's claim that this court in determining the number of occurrences, should ignore the immediate event that caused the claimants' injuries, and instead, look to an earlier event in the causal chain, has been rejected repeatedly by courts applying the event.test." Id., 317. Accordingly, the court finds that the number of occurrences in the present case should be determined by the CT Page 6508 event or events triggering liability on the part of the insured.
The plaintiffs do not dispute that both dogs attacked Yi-An Sun. The plaintiffs state that "Yi-An Sun was jogging in the area of Whitney Avenue and Ralston Street in Hamden, Connecticut, when he was attacked, bitten, mauled and knocked to the ground by the two dogs owned by the Bradys, causing him to suffer injuries and losses set forth below." (Complaint, ¶ 5.) The plaintiffs further describe the incident in their brief. "On August 1, 1998, Dr. Sun was jogging in the area of Whitney Avenue and Ralston Street in Hamden, Connecticut, when he was menaced and attacked by both dogs. . . . Dr. Sun ran from the dogs, flailing his arms to keep them at bay. . . . However, both dogs pursued him, causing him to step off the sidewalk and run into the street. . . . While Dr. Sun was fleeing down the street, one eyewitness, Cynthia Eber, reported that Dr. Sun was knocked to the pavement a total of three times by the Rottweiler, and not at all by the Doberman. . . . After the second knockdown both dogs bit him in the legs." (Emphasis added.) (Plaintiffs' Brief, p. 6.) The plaintiffs contend that the attacks constitute two separate occurrences because the underlying conduct, or causes of the bodily injury is the Bradys' negligent behavior with respect to each of the two dogs. (Plaintiffs' Brief, p. 17.) The plaintiffs claim that it is for the fact finder to determine whether the Bradys' actions constitute the same general conditions or two distinct and individual causes of Yi-An Sun's bodily injuries. (Plaintiffs' Brief, p. 21.) The plaintiffs urge the court to look to the underlying causes of the attack rather than the attack itself. It is true that there may be facts in dispute concerning the underlying cause of the attacks, but there are no facts in dispute concerning the event which triggered liability.
In Metropolitan Life Ins. Co. v. Aetna Casualty Surety Co., supra,255 Conn. 316., the Supreme Court held that the number of occurrences is determined by the event or events triggering liability on the part of the insured. Accordingly, the court finds that the event that triggers liability on the part of the Bradys was the attack on Yi-An Sun by the two dogs. The question of whose negligence allowed the dogs to roam free is irrelevant because the facts show that Yi-An Sun was attacked by the two dogs owned by the Bradys and that the dog attack caused Yi-An Sun's injuries. The court will not "look to an earlier event in the causal change" to conclude that there were two occurrences. Accordingly, the court finds that the attack by the Bradys' dogs which resulted in Yi-An Sun's injuries is one occurrence for the purposes of the insurance policy. The court grants a declaratory judgment in favor of the defendant and determining the amount of insurance coverage available to compensate the plaintiffs for their injuries and losses to be the $300,000.00 provided for a single occurrence. CT Page 6509
 Kevin E. Booth Judge of the Superior Court